QUESTIONS: 1. Is a police officer who is working as a watchman, guard, or patrolman while off duty under hire to a private business firm required to obtain a license under Ch. 493, F.S., as amended by Ch. 75-230, Laws of Florida? 2. Has the conclusion reached in AGO 074-168 been superseded in whole or in part by the enactment of Ch. 75- 230, Laws of Florida, which amends Ch. 493, F.S.? 3. Must a police officer be licensed under Ch. 493, F.S., as amended by Ch. 75-230, Laws of Florida, in order to perform private off-duty services limited to traffic direction and/or crowd control at specific locations? 4. Must a police officer who has successfully completed law enforcement training which exceeds the training required for the issuance of a Class "G" statewide gun permit under Ch. 493, F.S., as amended by Ch. 75-230, Laws of Florida, receive duplicate training in order to obtain a Class "G" statewide gun permit? 5. Is a police officer who is performing privately arranged watchman, guard, or patrolman services, under circumstances which require him to have a Class "F" or "G" license, required to furnish a bond and insurance under s. 493.09, F.S., as amended by Ch. 75-230, Laws of Florida? 6. May a police officer who is performing privately arranged watchman, guard, or patrolman services under circumstances which require him to have a Class "G" statewide gun permit carry a service revolver owned by himself or by his employing agency? 7. What is the effect of s. 493.28, F.S., as created by Ch. 75-230, Laws of Florida, on a police officer who is performing privately arranged watchman, guard, or patrolman services under circumstances which require him to have a Class "F" or "G" license? 8. Are the answers to the foregoing questions equally applicable to part-time police officers and auxiliary police officers?
SUMMARY: Everyone who performs watchman, guard, or patrolman services must be licensed pursuant to Ch. 493, F.S., as amended by Ch. 75-230, Laws of Florida, unless he comes within one of the statutory exemptions. A person performing such services while unarmed and pursuant to an employer-employee relationship is exempt from the provisions of the statute. A police officer "performing approved duties as determined by his local law enforcement agency in his capacity as a police officer" is exempt from the provisions of the statute.
The conclusion reached in AGO 074-168 has not been superseded by Ch. 75-230, Laws of Florida. The activities of traffic direction and crowd control do not come within the statutory definition of watchman, guard, or patrolman services. A police officer who has been certified by the Police Standards and Training Commission is not required to receive duplicate firearms training in order to obtain a Class "G" statewide gun permit. Holders of Class "F" or "G" licenses are exempt from the insurance and bond requirements of s. 493.09, F.S., as amended. The holder of a Class "G" statewide gun permit is only authorized to carry a weapon or firearm owned by and furnished to him by his employer. A police officer who is performing watchman, guard, or patrolman services under circumstances which require him to have a Class "F" or "G" license may not wear his official uniform and/or insignia while so employed. The foregoing conclusions are applicable to all police officers, including part-time and auxiliary officers. AS TO QUESTION 1: Under Ch. 493, F.S., as amended by Ch. 75-230, Laws of Florida, every person who is employed as a watchman, guard, or patrolman must obtain a license unless he comes within the scope of one of the exemptions created by s. 493.11, as amended. The first exemption to which attention should be directed is paragraph (d) of subsection (1) of s. 493.11, as amended, which provides that Part I of Ch. 493 "shall not apply:" (d) To any person employed as an . . . unarmed watchman, guard, or patrolman employed exclusively to do work on the premises and in connection with the affairs of that employer and where there exists an employer-employee relationship. (Emphasis supplied.) Accordingly, a police officer — as well as anyone else — is exempt from the licensing requirements of the subject statute insofar as his activities are limited to watchman, guard, or patrolman services performed while unarmed and pursuant to an employer-employee relationship with the person or firm for whom the services are provided. Additional exemptions applicable to police officers in particular are found at paragraphs (a) and (b) of subsection (1) of s. 493.11, supra, which paragraphs provide that Part I of Ch. 493 "shall not apply:" (a) To any detective or officer belonging to the agencies of the United States or this state, or any county or municipality of this state, while any such officer is engaged in the performance of his official duties. (b) To special police officers appointed by the state or by the police department of any city or county within the state while any such officer is engaged in the performance of his official duties. The foregoing statutory exemptions respecting police officers are also the subject of emergency rule 1ER75-41 promulgated by the Department of State, which reads: 1ER75-41 Any person who is a police officer certified by the State of Florida, part-time police officer certified by the State of Florida, or auxiliary police officer certified by the State of Florida, and performing approved duties as determined by his local law enforcment agency in his capacity as a police officer rather than duties as a private watchman, private guard, or private patrolman is exempt from Chapter 493, Part I, and from these rules. It is clear from the foregoing statutory provisions and emergency rule 1ER75-41 that where a police officer is assigned or permitted by his employing law enforcement agency to perform approved special-duty or extra-duty assignments under circumstances where he may reasonably be said to be acting in his capacity as a police officer and under the supervision of his employing law enforcement agency, he is exempt from the provisions of Part I of Ch. 493, F.S., as amended, and is not required to obtain a license in order to perform watchman, guard, or patrolman services under such circumstances. Cf. AGO 074-168, discussed in question 2, below. It is also clear from the statutory exemptions and rule quoted above that if a police officer undertakes to perform watchman, guard, or patrolman services on the basis of a private contract or private employment agreement entered into between the officer and the person or firm for whom the services are to be performed and the officer may not reasonably be said to be "on duty" and under the supervision of his employing law enforcement agency, he would not be within the scope of the police officer exemptions and would be required to obtain a license, unless he performed such services while unarmed and met the other criteria of s. 493.11(1)(d), F.S., discussed above. AS TO QUESTION 2: In AGO 074-168, I concluded in summary: Police officers who have completed their official shift of duty may volunteer and be authorized for special assignment pursuant to the conditions set forth in this opinion, and do not have to be licensed under Part I of Ch. 493, F.S., and do not violate the provisions of s. 493.11(2), F.S. That opinion sets forth at length the conditions upon which the conclusion is based, which conditions have the effect of bringing a police officer within the exceptions created by paragraphs (a) and (b) of subsection (1) of s. 493.11, F.S. Chapter 75-230, Laws of Florida, did not modify paragraphs (a) and (b), supra. Accordingly, the conclusion reached in AGO 074-168, insofar as it is based on paragraphs (a) and (b) of subsection (1) of s. 493.11, continues to be applicable. It should be noted, however, that paragraph (d) of subsection (1) of s. 493.11 has been modified since the issuance of AGO 074-168, thus rendering inapplicable the discussion of that portion of the statute in the closing paragraphs of the opinion. AS TO QUESTION 3: The types of watchman, guard, or patrolman activities which are regulated by Ch. 493, F.S., as amended by Ch. 75-230, Laws of Florida, are defined at s. 493.01(7) as follows: (7) "Watchman," "guard," or "patrolman" means and includes persons who directly supervise others, or who themselves, separately or collectively, guard persons or property or attempt to prevent theft or unlawful taking of goods, wares and merchandise, or attempt to prevent the misappropriation or concealment of goods, wares or merchandise, money, bonds, stocks, choses in action, notes, or other valuable documents, papers and articles of value, or to procure the return thereof, or who perform the services of such watchman, guard or patrolman, or other person for any of said purposes, but exempting armored car services when such armored car services are regulated in any manner by the Florida Public Service Commission. The activities of traffic direction and crowd control are not among the activities itemized in s. 493.01(7), nor are they regulated by any other provision of Ch. 493. Accordingly, a police officer who performs privately arranged off-duty services limited to traffic direction and/or crowd control does not come within the purview of Ch. 493, as amended, and is not required to obtain a license or gun permit under that statute as a prerequisite to undertaking to perform such off-duty services. For the foregoing reasons, question 3 is answered in the negative. AS TO QUESTION 4: The statutory prerequisites to the issuance of a Class "G" statewide gun permit appear at s. 493.21, F.S., as amended, and include: "The meeting of minimum criteria for weapons and firearms, not to exceed 10 hours, which shall be promulgated by the department." The criteria promulgated by the Department of State include the following, which appear in emergency rule 1ER75-35 filed by the Department of State: (1) The employer of any applicant for a Class "G" statewide gun permit must submit proof that the applicant has met all the criteria for such permit. (2) Proof of compliance with the criteria shall be a certificate, provided by the Department, signed by an instructor approved by the Department and such other proof that the Department may require. The emergency rules filed by the Department of State and presently in effect also include the following: 1ER75-42 Exemption from Weapons and Firearms Training Requirements. Any applicant for a Class "G" statewide gun permit, who is a police officer certified by the State of Florida, part-time police officer certified by the State of Florida, or auxiliary police officer certified by the State of Florida, shall upon statement of current police employment by his law enforcement agency and completion of the training requirements of the Police Standards Board (Chapter 23, Part IV, Florida Statutes, and Chapter 11A, Florida Administrative Code), be exempt from the requirements of Rule 1ER75-35(2) [which requires a certificate of firearms proficiency from an instructor licensed by the Department of State] and shall not be required to furnish a health certificate with such application. It is clear from the language quoted above that a police officer who has been certified by the Police Standards and Training Commission is not required to repeat a firearms training course in order to obtain a Class "G" statewide gun permit. AS TO QUESTION 5: Subsection (1) of s. 493.09, F.S., as amended, which requires licensees under Ch. 493 to post a bond, ends with the following sentence: "No bond shall be required for those persons who receive a Class `F' or `G' license." And subsection (2) of s. 493.09, as amended, which requires licensees under Ch. 493 to obtain comprehensive general liability insurance, ends with the following sentence: "Provided however, this subsection shall not apply to those who receive a Class `F' or `G' license." Accordingly, the bonding and insurance requirements of s. 493.09, as amended, are inapplicable to a person who only holds a Class "F" license or a Class "G" statewide gun permit. Question 5 is, therefore, answered in the negative. AS TO QUESTION 6: Subsection (2) of s. 493.21, F.S., as amended by Ch. 75-230, supra, provides that the Department of State "shall issue a Class `G' statewide permit to persons licensed under the provisions of this part to carry a weapon or firearm to be owned and issued by their employers. . . ." (Emphasis supplied.) It is clear from the italicized language that the issuance of a Class "G" statewide gun permit does not authorize the carrying of any weapon or firearm other than one owned by and furnished by an employer. Accordingly, a police officer who is performing privately arranged watchman, guard, or patrolman services under circumstances which require him to have a Class "G" statewide gun permit may carry only a weapon or firearm which is owned by and furnished to him by the person or firm for which he is performing such services. Question 6 is, therefore, answered in the negative. AS TO QUESTION 7: Section 493.28, F.S., created by Ch. 75-230, supra, reads: (1) No licensee shall use any designation or trade name which implies or gives an impression he is associated with any municipal, county, state or federal government or any agency thereof, nor shall a licensee wear any badge or uniform capable of being associated with or confused with the badge or uniform of any governmental law enforcement organization in the operating area of the licensee. (2) [Use of] the words "police," "sheriff," or "deputy sheriff" and the use of the official seal, or any facsimile thereof, of the state or of any political subdivision of the state are specifically prohibited on badges, cap shields, patches, automobiles, decals, or advertisements. The effect of the statute is clear. No licensee under Ch. 493, F.S., as amended, while engaged in the performance of services which are subject to licensing under the statute, may make use of any uniform or insignia from which it would appear that he was acting in the capacity of an on-duty police officer. Thus, a police officer who is engaged in the performance of private watchman, guard, or patrolman services under circumstances which require that he have a Class "F" or "G" license may not wear his official uniform and/or insignia while so employed. AS TO QUESTION 8: None of the provisions of Part I of Ch. 493, F.S., as amended by Ch. 75-230, Laws of Florida, make any distinction between full-time, part-time, or auxiliary police officers. Further, the rules of the Department of State discussed in the answers to the preceding questions make specific reference to all three classifications of police officers. Accordingly, question 8 is answered in the affirmative.